UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

FRANCES SMITH

CIVIL ACTION
NO. 12-323-BAJ-RLB

VERSUS

RANDALL E. BRAY, LIBERTY MUTUAL
FIRE INSURANCE COMPANY, and
TEXRON, INC.

VERSUS

NATIONAL RAILROAD PASSENGER CO. d/b/a
AMTRAK, THE ALABAMA GREAT SOUTHERN
RAILROAD CO., and THE CITY OF
SLIDELL

---

**RULING ON THIRD-PARTY DEFENDANTS' MOTION TO DISMISS**

This matter is before the Court pursuant to a "Rule 12(b)(6) Motion to Dismiss Third Party Demand" filed by Third-Party Defendants, National Railroad Passenger Co. d/b/a Amtrak,  and the Alabama Great Southern Railroad Co ("AGS").[1] (doc. 6) Third-Party Plaintiffs, Randall E. Bray, Liberty Mutual Fire Insurance Co., and Texron, Inc. ("Third-Party Plaintiffs," collectively), do not oppose the motion. The Court has jurisdiction pursuant to 28 U.S.C. § 1349 because the United States, through the Department of Transportation, owns more than one-half of the stock of Amtrak, a Third-Party Defendant.

---

[1] The City of Slidell was also named as a defendant in the third-party demand, but does not appear as party to this motion.

# BACKGROUND

On April 20, 2011, a tractor driven by defendant Randall Bray and owned by defendant Textron, Inc., Bray's employer, collided with an Amtrak train as Bray crossed the railroad tracks in Slidell, Louisiana. (doc. 4-1) Plaintiff, Frances Smith, was a passenger on the train and was injured in the accident. (doc. 4-1, ¶ 6) On April 3, 2012, Smith filed suit against defendants Bray, Textron, and Liberty Mutual Fire Insurance Company, in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana. (doc. 4-1, ¶ 1) Smith claims Bray was negligent when he failed to stop at the intersection of the road and the railroad tracks, causing the accident that gave rise to her injuries. (doc. 4-1 ¶¶ 5, 8) Because Smith alleges Bray was in the course and scope of his employment, she included his employer, Textron, and its insurer, Liberty Mutual, as defendants to the original suit.

On May 31, 2012, original Defendants/Third-Party Plaintiffs filed their Answer, including a third-party demand against third-party defendants Amtrak, AGS, and the City of Slidell, seeking contribution or indemnity. (doc. 4) Third-Party Plaintiffs allege various acts of negligence that caused the accident in April 2011 giving rise to Plaintiff's injuries. (doc. 4) Specifically, the third-party demand alleges Third-Party Defendants were negligent for failing to maintain proper visibility at the crossing area, failing to have proper crossing controls, and for the train operator to take reasonable precautions in light of the inadequate crossing controls and poor visibility. (doc. 1-4, ¶ XI)

2

Amtrak and AGS now file a motion to dismiss the third-party demand for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The third-party demand seeks to recover damages for the comparative fault of the Third-Party Defendants "should Defendants/Third-Party Plaintiffs be found at fault." (doc. 1-2) In their motion, Amtrak and AGS argue that, under controlling Louisiana law, Third-Party Plaintiffs cannot be held liable for the comparative fault of Amtrak and AGS, regardless of whether Amtrak and AGS are parties to the litigation. (doc. 6-1, p. 2) Therefore, Amtrak and AGS assert Third-Party Plaintiffs have failed to state a claim upon which relief may be granted.

## MOTION TO DISMISS STANDARD

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8, requiring "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly,* 550 U.S. at 556). Hence, the complaint need not set out "detailed factual allegations," but something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required. *Twombly,* 550 U.S. at 555.

Furthermore, the Supreme Court has noted that Rule 12(b)(6) requires dismissal whenever a claim is based on an invalid legal theory:

> Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable. On the contrary, if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . a claim must be dismissed, without regard to whether it is based on an outlandish legal theory, or on a close but ultimately unavailing one.

*Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (internal citations omitted). When a complaint fails to satisfy these principles, "this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (quoting *Twombly*, 550 U.S. 554, 558).

## DISCUSSION

In the instant case, the third-party demand seeks to hold Amtrak and AGS liable for "the comparative fault of each" in the accident giving rise to Plaintiff's injuries. (doc. 6-1, p. 2) There are no claims for injuries to, or damages incurred by, Third-Party Plaintiffs. Therefore, Third-Party Plaintiffs allege Amtrak and AGS are or may be liable for contribution and/or indemnity for Plaintiff's original claim

4

against Third-Party Plaintiffs. However, Amtrak and AGS assert that articles 2323 and 2324 of the Louisiana Civil Code abolished solidarity among non-intentional tortfeasors by instituting a pure comparative fault scheme. Thus, Amtrak and AGS contend that the third-party demand fails because Third-Party Plaintiffs would never be required to pay for more than their apportioned share of fault. Put another way, Amtrak and AGS argue that Third-Party Plaintiffs are only liable for their degree of fault and are not entitled to seek contribution from Amtrak and AGS.

Articles 2323 and 2324 of the Louisiana Civil Code place Louisiana "in a pure comparative fault system." *Dumas v. State ex rel Dept. of Culture, Recreation and Tourism*, 828 So. 2d 530, 535 (La. 2002). Article 2324 provides that, in situations involving non-intentional torts such as the instant case,

> Liability for damages cause by two or more persons shall be a joint and divisible obligation. Each joint tortfeasor shall not be liable for more than his degree of fault and shall not be solidarily liable with any other person for damages attributable to the fault of that other person. This provision abolishes solidarity among non-intentional tortfeasors, and makes each non-intentional tortfeasor liable only for his share of the fault, which must be quantified pursuant to Article 2323.

*Id.* at 537. As a result of the abolishment of solidary liability, the rights of contribution and implied indemnification all but vanished under Louisiana law. *Id.* see also *Superior Driving Co., Inc. v. Watts*, 05-197, 2011 WL 2442707 (E.D.La. 6/14/11); Frank L. Maraist & Thomas C. Galligan, *Burying Caesar: Civil justice Reform and the changing Face of Louisiana Tort Law*, 71 TUL.L.REV. 339, 409 (1996) (Commenting that the doctrine of tort indemnity is "more or less a dead

letter" after the 1996 revision of the Civil Code, and that contribution is of "little or no importance.")

Under Louisiana's pure comparative fault scheme, Third-Party Plaintiffs can only be liable for their own degree of fault.[2] They can never be liable for fault apportioned to Amtrak or AGS, and therefore, Amtrak and AGS can never be liable to Third-Party Plaintiffs under the tort-contribution theory as stated in the third-party demand. Although there are various exceptions to this rule, none apply in this case. Therefore, the Court finds their claims for contribution and/or indemnity against Amtrak and AGS are not sufficient to survive the 12(b)(6) motion to dismiss, and the motion is GRANTED.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1349 as a result of the third-party demand against Amtrak, which is more than one-half owned by the United States. This is the only claim providing this Court with jurisdiction, and it has been dismissed. Therefore, Pursuant to 28 U.S.C. § 1367(c), the Court declines to exercise supplemental jurisdiction over the remaining claims in this matter because it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). Thus, the remaining claims in this case are hereby dismissed for lack of subject matter jurisdiction.

---

[2] Third-Party Plaintiffs failed to oppose the motion, and give the Court no reason to believe dismissal is improper in this case.

## CONCLUSION

For the foregoing reasons, the motion to dismiss by Third-Party Defendants is hereby GRANTED. Furthermore, the Court declines to exercise subject matter jurisdiction over the remaining claims in this case and Plaintiff's claims are hereby DISMISSED for lack of subject matter jurisdiction.

Baton Rouge, Louisiana, February 28, 2013.

_____

BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA